UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

FILED

2007 JUL 31  P 4: 29

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

MAGDALIS LOPEZ
6215 Elmdale Road
Alexandria, VA  22312

For herself and all
similarly situated employees
of Defendant

    Plaintiffs,

v.                                                Civil Action No. 1:07CV752
                                                                  TSE/TCB
STRAYER UNIVERSITY, INC.                          (Jury Demanded)
dba Strayer Online
2121 15th Street N. 3rd Floor
Arlington, VA  22210

Serve Registered Agent:
CT Corporation System
4701 Cox Road, #301
Glen Alen, VA  23060

    Defendant.

## COMPLAINT

### Parties

COMES NOW the Plaintiff, Magdalis Lopez, through her attorney, Nils G. Peterson, and for her Complaint against the Defendant, Strayer University, Inc. dba Strayer Online ("Strayer"), alleges follows:

1.  Plaintiff Lopez is a resident of Virginia. Defendant employed Plaintiff in Virginia. The class Plaintiffs seek to represent consists of all past and present employees of Defendant's admissions office for its online learning program located in Springfield, VA.

2.  Defendant Strayer is a Virginia university registered to

do business in Virginia and has done business in the Virginia. Strayer's principal place of business is in Arlington, Virginia.

## Jurisdiction

3.  Jurisdiction of this action is conferred on this Court by §16(b) of the Fair Labor Standards Act, 29 U.S.C. §216(b), (the "Act" or "FLSA").

## COUNT I

## VIOLATION OF FLSA

4.  At all times hereinafter mentioned, Defendant was engaged in the provision of education services in the Virginia and many other states. The provision of such services directly affects interstate commerce and Defendant's employees are engaged in such interstate commerce. During the course of her employment Plaintiff and similarly situated employees affected interstate commerce by their actions including the use of interstate telecommunications and interstate delivery services.

5.  From July 2004 through November 10, 2005, Defendant employed Plaintiff in its on-line admissions office performing in various positions performing duties in the recruitment and registration of on-line students.

6.  Plaintiff's positions were non-exempt under the FLSA.

7.  Plaintiff and similarly situated employees worked hours over 40 per week. Plaintiff and similarly situated employees were not paid proper overtime for the work time spent over 40 hours per week.

8.  Plaintiff and all similarly situated employees worked

weeks of over forty hours in some weeks during the past three years.

9. Defendant and executives employed by Defendant were aware that Plaintiff and similarly situated employees regularly performed such extra work.

10. Defendant condoned and benefitted from the performance of such extra work time.

11. Plaintiff and similarly situated employees were not properly compensated by Defendant for the hours over forty per week they worked during the period of their employment.

12. Upon information and belief, Defendant knew of their duty and obligation to pay proper overtime wages for the hours worked in excess of 40 hours per work week, and Defendant knowingly failed and refused to follow the lawful requirements. Defendant's acts and omissions constitute wilful violations which entitle Plaintiff and similarly situated employees to liquidated damages for knowing violations.

13. During said time period, Plaintiff and similarly situated employees were not paid proper overtime for all hours worked in excess of 40 hours each work week, in wilful violation of §7 of the Act, 29 U.S.C. §207.

14. As a result of the foregoing wilful unlawful conduct on the part of Defendant, Plaintiff and similarly situated employees have suffered damages since they have not received proper overtime. Plaintiff further seeks liquidated damages on behalf of herself and similarly situated employees equal to the wages due but not paid as

a result of Defendant's wilful failure to pay overtime in violation of §7 of the Act, 29 U.S.C. §207.

WHEREFORE, Plaintiff prays that this Honorable Court grant judgment against the Defendant on the basis of Defendant's wilful violation of the Fair Labor Standards Act, 29 U.S.C. §§201 et seq., and award Plaintiff and similarly situated class members (1) compensatory damages, (2) an equal amount in liquidated damages, (3) reasonable attorneys' fees and costs of suit and (4) such other and further relief as this Court deems equitable and just.

### JURY DEMANDED

Plaintiff hereby demands a jury on all issues triable by a jury.

                Magdalis Lopez
                By Counsel

/s/ Nils Peterson
_____
Nils G. Peterson
VA Bar No. 29547
2009 N. 14th Street, Suite 708
Arlington, VA  22201
703-527-9900

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

MAGDALIS LOPEZ                          :
                                        :
For herself and all                     :
similarly situated employees            :
of Defendant                            :
                                        :
        Plaintiffs,                     :
                                        :
v.                                      :   Civil Action No. 1:07cv752
                                        :
STRAYER UNIVERSITY, INC.                :   (Jury Demanded)
dba Strayer Online                      :

## CONSENT TO BE A PARTY PLAINTIFF

I hereby consent to be a Plaintiff in the lawsuit <u>Lopez et al. v. Strayer University, Inc.</u>

7/28/07
date

Magdalis Lopez